REDMANN, Judge.
A divorced mother appeals from a custody judgment which took custody of her four children from their father and gave her custody of two girls, now ages 14 and 9, and gave the paternal grandmother custody of a girl 16 and a boy 7. The mother seeks reversal only with respect to the boy. (The mother has moved to Hawaii and she testified at trial that she respected, in view of the oldest daughter’s approaching college age, that child’s wish to stay in Louisiana with the grandmother, to whom she was very close.)
We reverse. In the absence of unusual circumstances, established in the record, a court may not award child custody to a grandparent instead of a fit parent and a court may not further break up a family and deprive the children of one another’s comfort and moral support by unnecessarily separating the children from one another.
Custody of all four children had initially been given to the mother. The all-too-usual and some unusual battles over support and visitation followed. The mother was hospitalized after an accident and the husband moved for a temporary change in custody to himself; but then the husband got into a gunfight which occasioned doubt as to whether the children should even visit him. A consent judgment awarded temporary custody to the paternal grandmother, reciting that the change was granted at the mother’s request to be relieved temporarily of custody, and that the mother would notify the court by motion when her “medical advisers conclude that she has had a sufficient period of time to be prepared to resume the custody of the four minor children.” Ten months later another consent judgment gave custody to the father, “subject to the right of [the mother] to file for custody in the future.” More battles followed over support and visitation (including visitation by overseas telephone). Almost a year later the mother filed a rule including a demand for custody. The court ordered psychiatric evaluations which it read but which were not introduced into evidence and are not in the record. (Another part of the judgment appealed from orders that not only the parties and their children but also the paternal grandmother and the mother’s second husband each have psychiatric treatment or family therapy.)
There is no support in the record for a conclusion that the mother is unfit and, indeed, the award to her of custody of the two young girls necessarily establishes that she is a fit mother. Nor is there any suggestion that she is unfit as to the boy (she is allowed to bring him to Hawaii for as long as four weeks for visitation). In short, the record reveals no basis for denying the mother the custody of the boy (while giving her the custody of the two girls) in order to give custody of the boy to the paternal grandmother.
Louisiana cases often recite the views that the child’s best interest is the paramount concern, La.C.C. 157A, and that one of the parents is ordinarily preferred over others as child custodian, Wood v. Beard, La.1974, 290 So. 675, and that children should not ordinarily be separated from one another, Earnest v. Earnest, La. App. 1 Cir. 1973, 286 So.2d 747, writ refused La., 290 So.2d 330; Gulino v. Gulino, La. App. 1 Cir. 1974, 303 So.2d 299; see also Tiffee v. Tiffee, 1969, 254 La. 381, 223 So.2d 840.
We find nothing in this case to except it from those ordinary principles.
Reversed; custody of James W. Larkin III is awarded to his mother on the same terms as that of Laure and Janie; and the order that the mother pay $75 monthly to the grandmother for support of James and Lisa is amended to $25 for Lisa; and the order that the father pay $75 for both is amended to make that payment for Lisa alone.