HALL, Chief Judge.
Appellant, James-Wesley Geisler, Jr., and appellee, Iris Geisler Shaw, were married on June 21, 1973. Two children were born of this marriage. On April 16, 1981, the marriage was dissolved and appellee was granted sole custody of the two minor children. On September 23, 1985, appellant filed a rule to show cause why joint custody of the children should not be granted. On October 23, 1985, judgment was rendered, in accordance with an agreement between the parties, granting joint custody of the minor children to both parents. Although specific provisions for holidays were made, this judgment did not specify which parent was to have primary residential custody of the children.
On April 14, 1986, appellant filed a rule to show cause why the joint custody plan of October 23, 1985 should not be amended to grant appellant primary residential custody of the children. Appellee answered requesting that she be awarded primary residential custody. After a two day hearing on June 10 and 11, 1986, the trial court amended the joint custody plan and granted primary residential custody during the school year to appellee and during the sum *1334 mer to appellant with alternating weekend visitation and specific holiday provisions as previously provided. At the time of the hearing, the children, two boys, were ages seven and twelve.
Appellant complains on appeal that he should have been awarded primary residential custody of the children during the school year. We find no abuse of discretion and affirm the judgment of the trial court.
From the time of their separation until March, 1985, both appellant and appellee resided in Monroe except for approximately a year and a half when appellant’s business required him to live in South Louisiana. During this time, the physical custody of the children was shared, and although the parents disagree as to the primary residence of the children, the evidence indicates the children resided primarily with their mother. From March, 1985 through February, 1986, appellant attended mortician’s school in Dallas, Texas; he returned to Monroe in March, 1986, where he now resides. In August, 1985, appellee and the children moved to Shreveport where they have since remained. Since March, 1985, the children have primarily resided with their mother during the school year. At the time of the hearing, the children were spending the summer with their father in Monroe. Both parents have been cooperative and have encouraged visitation by the other parent and his or her family.
While in Monroe, appellee was employed in the trust department of American Bank and Trust Company. Appellee was dismissed from her employment in April, 1985 and on January 81, 1986, she pled guilty in federal court to two counts of embezzlement of funds from American Bank in the total amount of $2,289.88. Appellee paid the bank in excess of $60,000.00 in settlement of the bank’s claims against her. She was later sentenced to two years imprisonment of which all but thirty days was suspended, and placed on five years probation with the special condition that she perform four hundred hours of community service work. Appellee was to begin serving her thirty day prison term in Lafayette on June 15,1986 while the children were with appellant during the summer.
Appellant remarried in December, 1981 and is presently employed as a mortician at Kilpatrick’s Funeral Home in Monroe. Appellant’s wife Helen is not employed outside of the home.
Appellee married Captain Michael Shaw on May 17, 1986. Captain Shaw, a career Air Force pilot, was on active duty with a reserve unit at Barksdale Air Force Base at the time of the hearing, but was to begin training as a flight engineer with United Airlines by the fall of 1986. Although this is Captain Shaw’s third marriage, he has no children. Appellee had been employed at Dillard’s Department Store in Shreveport, but terminated her employment shortly before the hearing and intended to stay at home with the children after serving her jail term. The Shaws and the children live in the three bedroom townhome in which appellee and the children have been living since their arrival in Shreveport. They intend to remain in Shreveport even though Captain Shaw will be flying with United Airlines.
Evidence at the hearing showed that both children have adjusted well to their move to Shreveport, have made new friends, have improved their'school grades, and participate in many extra-curricular activities. Several friends and neighbors testified that the children are always neatly dressed, well-mannered, and happy. The older son indicated to the trial court that he would prefer to spend the majority of his time living with his father, while the younger son indicated that he would prefer to spend the majority of his time living with his mother.
Dr. Bobby Stephenson, an associate professor of psychology at Northeast Louisiana University, evaluated each child prior to the hearing upon the request of appellant. This evaluation consisted of an individual interview plus a battery of tests measuring intelligence, perceptual motor development, personality techniques, and projected techniques. Dr. Stephenson found that the older child was suffering from considerable stress and anxiety, had *1335 difficulty dealing with strong emotions, particularly anger, and showed strong signs that his emotional needs were not being satisfactorily met. According to Dr. Stephenson, the latter indicates some conflict in the child’s relationship with his mother. In addition to having the same problems as his brother, Dr. Stephenson also found that the younger child had an excessive dependence on his mother. Dr. Stephenson admitted that the children’s levels of stress and anxiety were probably enhanced by the fact of the court appearance regarding the dispute over their custody. He also admitted that his evaluation focused on the boys themselves rather than on which parent was more suitable to have primary custody, about which he expressed no opinion.
LSA-C.C. Art. 157 provides that in all cases of separation and divorce, and change of custody after an original award, permanent custody of the children shall be granted to the parents in accordance with Article 146. LSA-C.C. Art. 146 E provides that an order for joint custody may be modified if it is shown that the best interest of the child requires modification of the order. The best interest of the child is the paramount consideration involved in a change of custody matter. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986); Dun-gan v. Dungan, 499 So.2d 149 (La.App. 2d Cir.1986). Because neither parent was designated primary custodial parent in the custody decree of October 23,1985, there need not be a showing of change in circumstances in order to award primary residential custody to either parent. However, stability of environment, that is, the manner in which the existing joint custody plan has actually been implemented by the parties, is a factor which should be considered in such a case. Bergeron, supra; Johnson v. McCullough, 410 So.2d 1105 (La.1982); Dungan, supra.
Every child custody case must be viewed on its particular circumstances. Great weight is given to the trial court’s decision which will not be overturned absent a showing of abuse of discretion. Stephenson v. Stephenson, 404 So.2d 963 (La.1981); Cole v. Cole, 467 So.2d 872 (La.App. 2d Cir.1985).
Appellant claims he should have primary residential custody of the children during the school year because of appellee’s criminal convictions, which relate to moral fitness, because appellee did not have an after school baby sitter for the children from January, 1986 through March, 1986, and because the children previously lived in Monroe and their relatives presently live there. Appellee claims that she should have primary residential custody of the children during the school year to maintain continuity and stability in their lives. Otherwise, neither parent claims that the other parent is unfit or that to award primary custody to the other parent would be detrimental to the children.
The record clearly supports the finding that both parents love their children and are able to provide them with continued love, affection, guidance, education, and material needs. Each parent is also able to provide the children with a stable and wholesome home environment and has expressed a willingness and an ability to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent. Both children get along well with their stepfather and their stepmother, each of whom have indicated their love and affection for the children and their willingness and ability to care for them.
Appellee has provided the children with a stable and satisfactory environment in Shreveport since August of 1985. Due to appellee’s remarriage, she is now able to stay at home with the children. Since the move to Shreveport, the children’s grades have improved and they have adequately adjusted to living there. As noted by the trial judge, there was no proof that appellee’s convictions have had a detrimental effect on the children, and in the absence of such proof, the fact of the convictions alone is no justification for a change in the custody award. See Everett v. Everett, 433 So.2d 705 (La.1983); Stephenson v. Stephenson, supra; Cleeton v. Cleeton, 383 So.2d 1231 (La:1980); Mar *1336 tinez v. Martínez, 470 So.2d 374 (La.App. 5th Cir.1985). Although the older child expressed a desire to spend the majority of his time living with his father, that is only one factor to be considered along with all other circumstances. Furthermore, separation of children should be avoided whenever possible. Gilcrease v. Gilcrease, 438 So.2d 658 (La.App. 2d Cir.1983), writ denied, 442 So.2d 461 (La.1983).
We cannot find that the trial court abused its great discretion in finding that it was in the best interest of both children to maintain primary residential custody of the children during the school year with their mother, with their father to have primary residential custody during the entire summer.
DECREE
For the reasons set forth herein, we affirm the judgment of the trial court amending the joint custody plan to grant primary residential custody during the school year to appellee, Iris Geisler Shaw and during the summer to appellant, James Wesley Geisler, Jr. Costs of the appeal are assessed to appellant.
AFFIRMED.