WOODARD, Judge.
This appeal arises out of a lawsuit by which plaintiff seeks a modification of a joint custody decree.
FACTS
Plaintiff and defendant were married February 10, 1978. The parties were granted a divorce on August 1, 1991. The judgment of divorce also set forth the child custody provisions, which granted them joint custody of their two minor children, B.J.R. and R.J.R., II. Defendant was designated the domiciliary parent of both minors, with plaintiff being allowed reasonable visitation. Plaintiff was ordered to pay defendant $400.00 per month in child support. This judgment was a consent decree entered into by the parties in open court on July 9, 1991.
On June 11, 1992, plaintiff filed a rule for modification of the joint custody plan, seeking sole custody of B.J.R., age twelve, and R.J.R., II, age six. Plaintiff filed the rule after learning of some problems the children were having in defendant’s home. Most of these stemmed from the children’s relationship with defendant’s new husband, Mr. C.; a twenty-two year old man with whom defendant had been living since her separation from plaintiff. Defendant married Mr. C. July 3, 1992, prior to the child custody hearing.
The hearing was held August 13 and 14, 1992. On August 18, 1992 the trial court rendered judgment amending the joint custody decree. Plaintiff was designated the domiciliary parent of B.J.R., while defendant remained the domiciliary parent of R.J.R., II. The amount of plaintiffs monthly child support obligation was reduced from $400.00 per month to $200.00 per month. The judgment also set forth a visitation schedule for the parties and ordered defendant and her current husband, Mr. C., to undergo parent counseling with an emphasis on discipline.
It is from this judgment that plaintiff appeals, asserting the following assignments of error: (1) the trial court erred in designating defendant domiciliary parent of R.J.R., II and in failing to find that R.J.R. II’s best interests would be served by designating plaintiff domiciliary parent; (2) the trial court erred in failing to find it was in the children’s best interest not to be separated from each other; and (3) the trial court erred in failing to order defendant to pay child support to plaintiff.
MODIFICATION OF THE CUSTODY DECREE
Plaintiff essentially asserts on appeal that the trial court erred in failing to designate him as the domiciliary parent of both B.J.R. and R.J.R., II. He argues the evidence supports the conclusion that the best interests of both of the children would be served by naming him domiciliary parent.
The trial judge’s determination in a child custody case is entitled to great weight on appeal, and will not be disturbed unless there is a clear abuse of discretion. Stanley v. Stanley, 592 So.2d 862 (La.App. 3 Cir. 1991). In the case sub judice, the trial court was asked to modify a prior consent decree regarding custody. Because the prior decree was not a “considered decree,” plaintiff was only required to show a material change in circumstances since the entry of the original decree and that the modification proposed is in the best interest of the child. Beard v. Beard, 599 So.2d 486 (La.App. 3 Cir.1992). The record reflects a material change in circumstances after the decree in that plaintiff became aware of the mistreatment of the two *376 minor children. The issue for our review, then, is whether it is in R.J.R., II’s best interest to live with his father.
The trial court found it to be in BJ.R.’s best interest to live with her father because she would be “a miserably unhappy lady if I were to require her to return and live with her stepfather,” Mr. C. In so ruling, the trial court expressed grave reservations as to Mr. C.s’ maturity and “his ability to serve in loco parentis.” The court was so concerned that it ordered Mr. C. and defendant to enroll in counseling sessions on parenting and proper discipline procedures.
We feel that the trial court’s concerns about Mr. C. are warranted. The record reveals that the children are not very happy living with him. He punished both children often, sometimes whipping them with a belt. Mr. C. has also struck B.J.R. with an electrical cord. B.J.R. also testified that he has hit both of them with his drum sticks, which he denies. Mr. C. has punished B.J.R. for'not cleaning her room by gathering items of apparent sentimental and great personal value from her room, including awards and other mementos, and throwing them away, while she cried and pleaded with him not to do so. Mr. C. has chronically verbally abused B.J.R.; he admitted to often calling her “fat” and “lazy”, notwithstanding the fact that she prepared breakfast for herself and her brother, washed the dishes, did the family laundry, cleaned her room and bathroom, straightened the living room, and generally took care of her brother, while achieving honor roll status at school. Mr. C. also had trouble dealing with plaintiffs older son, as evidenced by his testimony that he got into a fist fight with the boy, who was sixteen at the time.
Despite this evidence of Mr. C.s’ problems in dealing with the children, the trial court concluded that R.J.R., II should remain with his mother. No reasons for this decision were stated by the trial court, other than the fact that R.J.R., II did not testify. Mr. C.s’ parenting abilities were obviously a major concern of the trial court’s in reaching its conclusion that B.J.R. should live with her father. We see no reason why this concern should extend only to B.J.R.’s welfare. There is no evidence in the record from which wé can assume that Mr. C.s’ attitude about disciplining would be any different for R.J.R., II.
Another factor considered by the court is the child’s preference as to where he or she wants to live. Although R.J.R., II did not testify at the hearing, B.J.R. testified that both she and R.J.R., II wished to live with their father. This testimony was not contradicted by either plaintiff or defendant.
Furthermore, we note that the separation of children of a family is a disposition courts should avoid whenever possible. In the absence of unusual circumstances, the children should not be deprived of one another’s comfort and moral support. Lee v. Davis, 579 So.2d 1130 (La.App. 2 Cir.1991); Geisler v. Geisler, 506 So.2d 1332 (La.App. 2 Cir.1987); Larkin v. Larkin, 386 So.2d 376 (La.App. 4 Cir.1980).
While there is a natural bond between children of a family, that bond is especially heightened here since B.J.R. has been R.J.R., II’s primary caretaker and companion. The record reveals that B.J.R. usually woke R.J.R., II up in the mornings and fixed his breakfast. After school, she and watched him until their mother returned from work, bringing him with her to band practice and other after school activities. Until he was old enough to do so on his own, B.J.R. was responsible for seeing that R.J.R., II’s bath was ready prior to going to bed. B.J.R. performed all of these duties in addition to her regular household chores of cleaning her room and bathroom, straightening the living room, washing the dishes, and doing some of the laundry. At the hearing, one of defendant’s witnesses testified on cross examination that B.J.R. was more of a mother to R.J.R., II than defendant.
In light of these considerations, it is obviously in R.J.R., II’s best interest to live with his father and B.J.R. We find that it was an abuse of discretion for the trial court to conclude otherwise. We therefore reverse the judgment of the trial court as to R.J.R., II and order that plaintiff be designated the domiciliary parent of both B.J.R. and R.J.R., II.
*377 CHILD SUPPORT
The record lacks sufficient evidence for a determination of child support, therefore, we further order that this case be remanded to the trial court for a determination of child support to be paid by defendant to plaintiff pursuant to La.R.S. 9:315, et seq. The trial court shall also make any amendments to the visitation schedule which are necessary as a result of this judgment.
For the foregoing reasons, the judgment of the trial court is reversed in part and remanded. Costs of this appeal are assessed to defendant-appellee.
REVERSED IN PART; REMANDED.