TERRI F. LOVE, Judge.
LThe biological father appeals the juvenile court’s judgment granting the intra-family adoption of his two minor children to the petitioners. He asserts that the trial court erred by denying his motion in opposition to the intrafamily adoption and failing to establish that the adoption was in the best interest of the children. We find that the juvenile court judge erred; therefore, we reverse and remand.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

BJA, Sr.[1] was married to AJ, the biological mother of the children, BJA, Jr. and BBA, in February 2004. On November *188 11, 2004, BJA, Jr. was born. Less than a year later, their second child, BBA, was born on September 17, 2005. The couple separated in May 2007, and obtained a divorce on December 5, 2008. Pursuant to the divorce judgment, BJA, Sr. and AJ were awarded joint custody. AJ was named the domiciliary parent of the two minor children, subject to the exercise of reasonable visitation by BJA, Sr.
Following the parent’s separation in 2007, BJA, Sr. made few attempts to maintain contact with his children and provided little financial support to the children. The last time BJA, Sr. saw his children was in September 2008, during 12Hurricane Gustav whereupon BJA, Sr. picked up his children and kept them for one night. The following month, AJ placed BBA in the physical custody of her first cousins, who resided in Kansas. In November 2008, AJ placed BJA, Jr. in the physical custody of another one of her first cousins, Mr. and Mrs. RG, who resided in Ohio. AJ did not notify BJA, Sr. that the children were being placed in the physical custody of her cousins outside the State of Louisiana. BBA and BJA, Jr. have resided with the Mr. and Mrs. FR and Mr. and Mrs. RG since October and November 2008, respectively.
On January 26, 2010, Mr. and Mrs. FR filed a petition for the intrafamily adoption of BBA while Mr. and Mrs. RG filed a petition for the intrafamily adoption of BJA, Jr. At the time of the filing of the petitions for the intrafamily adoptions, AJ signed an authentic act of consent to the adoption of her two children. BJA, Sr. received notice of the adoptions on February 25, 2010. On April 22, 2010, BJA, Sr. filed a motion and order in opposition to the adoption of BJA, Jr. and BBA.
Following a hearing on May 11, 2010, the juvenile court judge entered a judgment denying the opposition to the adoptions of BJA, Jr. and BBA. The juvenile court judge found that BJA, Sr.’s consent was not required for the adoptions due in part to his failure to provide financial support for the children and the fact that he had not seen the children since September of 2008. The juvenile court judge also questioned BJA, Sr.’s credibility due to impeachment of a portion of his testimony. However, the juvenile court did not evaluate whether the adoption of BJA, Jr. and BBA was in the best interest of the children. BJA, Sr.’s appeal followed.

hINTRAFAMILY ADOPTION

BJA, Sr. contends the juvenile court judge erred by ruling against his motion in opposition to the intrafamily adoption of BBA and BJA, Jr., in finding that the intrafamily adoption was in the best interest of BBA and BJA, Jr., and that the petitioners failed to prove that granting the adoptions would be in the best interests of BBA and BJA, Jr.

STANDARD OF REVIEW

“An appellate court cannot set aside a juvenile court’s findings of fact in the absence of manifest error or unless those findings are clearing wrong.” In re State ex rel. W.M.O., 04-2025, p. 2 (La.App. 4 Cir. 6/1/05), 905 So.2d 1164, 1166.
“Even upon a decision that a parent has lost his right to consent, the adoption should only be granted when it is also found to be in the best interest of the child.” In re Intrafamily Adoption of L.M.C., 09-885, p. 6 (La.App. 5 Cir. 3/23/10), 39 So.3d 643, 647. “The determination of whether an adoption is in the best interest of the child must be decided on the facts of each case and is subject to the vast discretion of the trial judge.” Id. This discretion is not absolute and upon review, “a determination of the best inter *189 est is subject to reversal only if the record reveals manifest error.” Id.

WAIVER OF CONSENT

BJA, Sr. asserts that trial court erred in finding that he did not have just cause for failing to maintain contact with his children and failing to provide financial support.
Under La. Ch.C. art. 1243, a cousin within the twelfth degree is authorized to petition the court for an intrafamily adoption. Thus, the petitioners, as the first cousins of the mother, are proper parties to petition the court. Generally, a parent’s | .¡consent is required for an intrafamily adoption. However, La. Ch.C. art. 1245 B(2) provides that the consent of a parent is not required
[wjhen a petitioner authorized by La. Ch.C. Art. 1243 has been granted custody of the child by a court of competent jurisdiction and any one of the following conditions exists:
[[Image here]]
(2) The parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of at least six months.
Further, La. Ch.C. art. 1255(A) provides that:
[t]he court, after hearing and after taking into consideration information from all sources concerning the intrafamily adoption, may enter a final decree of adoption, or it may deny the adoption. The basic consideration shall be the best interest of the child.[2]
In intrafamily adoptions, the trial court must first determine whether a parent’s rights should be terminated. Then the juvenile court judge must consider whether the adoption is in the best interest of the child. State ex rel. K.G., 02-2886, p. 5 (La.3/18/03), 841 So.2d 759, 763. In in-trafamily adoptions, the petitioner must prove the grounds for termination by clear and convincing evidence. La. Ch.C. art. 1035.
We find that the record supports by clear and convincing evidence that the father failed to communicate, or attempt to communicate with the children without just cause for a period of at least six months. See La. Ch.C. art. 1245(B). BJA, Sr. testified that he was unable to locate his children because he did not know AJ’s address or telephone number. However, in AJ’s testimony, she stated that BJA, Sr. knew her address and had visited the residence once. She also testified that she has had the same phone number for over a year, that BJA, Sr. had her number, and that | Sshe spoke with him on that phone.
BJA, Sr. testified that he attempted to seek legal aid from a pro bono law agency in order to locate AJ. However, he did not provide the agency with a copy of his divorce judgment nor did he tell the agency he had a divorce proceeding in Orleans Parish.
AJ testified that she had three different addresses in the past three years and failed to provide notice to BJA, Sr. each time she moved. However, BJA, Sr. could have sought legal action as a result of not being able to maintain contact with AJ and his children. He presented no credible evidence to consider his contact with the pro bono law agency a “failed attempt” to locate his children.
“If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even *190 though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” In re D.B.C. Applying for Adoption of D.M.B., 00-2427, p. 5 (La.App. 1 Cir. 2/16/01), 808 So.2d 449, 453. “Furthermore, when factual findings are based on the credibility of witnesses, the fact finder’s decision to credit a witness’s testimony must be given ‘great deference’ by the appellate court.” Id. quoting Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). “Thus, when there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, although the appellate court may feel that its own evaluations and inference are reasonable.” In re D.B.C., 00-2427, p. 5, 808 So.2d at 453.
The juvenile court judge’s factual findings in the present case are based largely on credibility determinations. In its reasons for judgment, the juvenile |ficourt judge listed specific instances where BJA, Sr.’s testimony was not credible. We have thoroughly reviewed the record and find that there was no abuse of discretion and a reasonable basis exists for the trial court’s finding that BJA, Sr.’s consent was unnecessary to the adoption proceedings.

BEST INTEREST OF THE CHILD

“The primary consideration in adoption proceedings is whether the adoption is in the best interest of the child.” State v. A.S.K., 00-0636, p. 10 (La.App. 4 Cir. 12/6/00), 775 So.2d 1101, 1106. “Even though a parent may have lost his right for consent to be required for the adoption, the adoption should only be granted if it is in the best interest of the child.” In re Leitch, 32,021, p. 4 (La.App. 2 Cir. 3/31/99), 732 So.2d 632, 635. “The party petitioning the court for adoption carries the burden of proving a parent’s consent is not required under the law and that the adoption is in the best interest of the child.” In re Farrar, 93-1347, p. 3 (La.App. 3 Cir. 4/6/94), 635 So.2d 674, 675-76.
“Louisiana courts have historically been reluctant to sever the parent-child relationship and derogate from the natural rights inherent therein.” In re W.E.B., 07-1395, p. 4 (La.App. 4 Cir. 3/05/08), 980 So.2d 123, 126. “[T]he jurisprudence recognizes the fundamental belief that a child has a right to know and love his parents and such rights should not be denied except when the parent has proven himself unworthy of this love.” Id.
“In determining the best interest, the court needs to take into consideration that the legal consequences of adoption are abrupt, severe, and irrevocable: the relationship between the child and natural parent are severed.” In re Leitch, 32,021, p. 4, 732 So.2d at 635. “In making the determination, it is not enough to look at the love and home environment provided” by the adoptive parents. Id. \ 7“The court should also consider the depth and closeness of the children’s ties with the noncustodial, natural parent and the effect the loss of this relationship would have on the child.” Id.
Furthermore, this court has held that
[i]n the absence of unusual circumstances, established in the record, a court may not award child custody to a grandparent instead of a fit parent and a court may not further break up a family and deprive the children of one another’s comfort and moral support by unnecessarily separating the children from one another.
Larkin v. Larkin, 386 So.2d 376, 377 (La.App. 4th Cir.1980).
The parties in the present case introduced insufficient evidence for the trial court to property consider “(1) the respective fitness of the noncustodial natural par *191 ent and the petitioning” adoptive parents, (2) the children’s psychological ties to each other, and (3) the natural father’s “biological tie to the children.” In re C.B., 94-0755, p. 9 (La.10/17/94), 643 So.2d 1251, 1256. The record contains no evidence of the nature of the children’s relationship with their adoptive parents; likewise, there is little evidence pertaining to the relations between the children and their biological father.
“[W]hen severing the natural bond between the parent and the child, the court’s judgment must reflect a careful balancing of the importance of all interests, including the importance of the bond between the natural parent and the child.” In re Leitch, 32,021, p. 5, 732 So.2d at 636.
While the petitioners met their burden of proving that BJA, Sr.’s consent was unnecessary, they failed to meet their burden of showing that the adoption was in the best interest of the children. Based on our review of the record, none of the petitioners offered evidence demonstrating that the adoption was in the best | ^interest of the children. The petitioners made no indication of the type of relationship they shared with the children, what type of schools the children attended, and whether or not the children appear to be happy and stable. Further, we find that the best interest of the children, the paramount consideration in an adoption, was not adequately taken into consideration by the trial court. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

DECREE

For the above mentioned reasons, we reverse and remand the case to the trial court for the parties to present evidence pertaining to the best interest of the children.
REVERSED AND REMANDED

. In accordance with Uniform Rules-Courts of Appeal, Rule 5-1 and 5-2, initials are used throughout this opinion to protect the identity of the minors.

. La. Ch.C. art. 1255(B) does not include cousins of the parent. Thus, we do not apply the rebuttable presumption that the adoption is in the best interest of the child.